Opinion issued January 9, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00812-CV




THE TEXAS PROPERTY AND CASUALTY INSURANCE GUARANTY
ASSOCIATION FOR RELIANCE NATIONAL INDEMNITY COMPANY,
AN IMPAIRED INSURER, Appellant

V.

MARTELL GUILLOT, Appellee




On Appeal from the129th District Court
 Harris County, Texas
Trial Court Cause No. 2000-10558




MEMORANDUM OPINION
           Appellant, The Texas Property and Casualty Insurance Guaranty Association for
Reliance National Indemnity Company, an Impaired Insurer (Reliance), appeals the summary
judgment granted in favor of appellee, Martell Guillot, on her counterclaim seeking a
declaration that Reliance had no entitlement to the proceeds of Guillot’s judgment in a
separate lawsuit involving a non-compensable injury. We affirm. 
BACKGROUND
           In June 1994, Guillot was injured in a non-work-related automobile accident and was
treated, from June to November 1994, for a neck injury that caused pain in her neck and
numbness in her left arm. As a result of the injury, Guillot was absent from work for a little
over one week and was placed on light duty for three or four months. In 1995, Guillot sued
the driver of the other vehicle in cause number 95-43379, Martell Guillot v. Emiliano Bustos,
in the 269th district court of Harris County (the 1995 lawsuit). 
           On August 26, 1996, more than a year before her lawsuit went to trial, Guillot was
injured on her job while lifting a casket. She experienced pain in her neck at the same
location as in her 1994 injury, and the numbness in her arm returned. She was treated in an
emergency room and at an orthopedic center. She was referred to an orthopedic surgeon,
who performed a spinal fusion, and she was absent from work for eight weeks. As a result
of Guillot’s August 1996 injury (the compensable injury), Reliance, the workers’
compensation carrier for Guillot’s employer, paid $33,440.74 in medical benefits and
$22,630.88 in income benefits to Guillot. 
           The 1995 lawsuit was tried to a jury in November 1997. The jury found 100% of the
negligence to be attributable to the other driver. Jury question number three asked, 
What sum of money, if paid now in cash, would fairly and reasonably
compensate MARTELL RAE GUILLOT for her injuries, if any, that resulted
from the occurrence in question? 
 
Consider the elements of damages listed below and none other. 
Consider each element separately. Do not include damages for one element
in any other element. Do not include interest or any amount of damages you
find. Do not include any amount for any condition not resulting from the
occurrence in question. Do not reduce the amounts, if any, in your answers
because of the negligence, if any, of MARTELL RAE GUILLOT. 
 
Element a.Physical pain and mental anguish.
 
Element b.Loss of earning capacity. 
 
Element c.Disfigurement.
 
Element d.Physical impairment.
 
Element e.Medical care. 
 
Answer in dollars and cents for damages, if any, that were sustained in
the past and that in reasonable probability will be sustained in the future. 

The jury answered, “30,000.00.” 
           In March 2000, Reliance, claiming statutory subrogation rights and a lien on the
proceeds of the 1995 lawsuit, sued Guillot to recover $22,681.51 (the Reliance lawsuit). 
Reliance alleged that a portion of Guillot’s award in the 1995 lawsuit was actually for
medical services and lost pay after the compensable injury for which Reliance had paid. 
Reliance based its claim on Guillot’s answers to interrogatories, medical records, and trial
testimony in the 1995 lawsuit. Reliance claimed to have paid most, but not all, of the
medical expenses that were paid between September 6, 1996 and August 4, 1997.


 Guillot
counterclaimed for declaratory relief, seeking a declaration that Reliance did not have a lien
on or an entitlement to any proceeds of the 1995 lawsuit and requesting her attorney’s fees. 
           Reliance filed a motion for summary judgment in which it argued that, because Guillot
admitted that she had incurred only $4,424.60 in medical expenses and between $400 and
$500 in lost wages before the compensable injury and $24,761.75 in medical expenses and
$3,200 to $4,000 in lost wages after the compensable injury and was awarded a total of
$30,000 in actual damages, Reliance should be granted a statutory lien on Guillot’s recovery. 
Reliance attached, as summary judgment proof, excerpts from the trial testimony, responses
to discovery, the judgment in the 1995 lawsuit, and claims-payment records in the Reliance
lawsuit. The record does not contain a ruling on Reliance’s motion. 
           Guillot filed a motion for summary judgment in which she asserted that Reliance had
no subrogation rights to her recovery because she did not recover from a third-party
tortfeasor who was liable for Guillot’s compensable injury and because the award in the 1995
lawsuit was only for injuiries and damages arising out of the 1994 accident. Guillot attached,
as summary judgment proof, her affidavit, the verdict and judgment in the 1995 lawsuit, and
the affidavits of two attorneys regarding fees. 
           The trial court granted Guillot’s motion and rendered judgment that Reliance take
nothing and that Reliance had no entitlement to the proceeds of Guillot’s 1995 lawsuit. The
trial court awarded Guillot attorney’s fees of $4,418.75 and an additional $5,500 conditioned
on appeal. 
DISCUSSION
           In its sole issue, Reliance contends that the trial court erred in denying its statutory
lien on the first monies that Guillot received in satisfaction of the judgment in the trial of the
1994 accident. We follow the usual standard of review for a rule 166a(c) summary
judgment. Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson
v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st Dist.] 1994, writ denied). 
           Reliance bases its claim against Guillot on the third-party liability provision of the
Texas Workers’ Compensation Act, which provides as follows:
(a) An employee or legal beneficiary may seek damages from a third
party who is or becomes liable to pay damages for an injury or death that is
compensable under this subtitle and may also pursue a claim for workers’
compensation benefits under this subtitle. 
 
(b) If a benefit is claimed by an injured employee or a legal beneficiary
of the employee, the insurance carrier is subrogated to the rights of the injured
employee and may enforce the liability of the third party in the name of the
injured employee or the legal beneficiary. . . . 

Tex. Lab. Code Ann. § 417.001 (Vernon Supp. 2003). One purpose of the statute’s granting
subrogation rights to the workers’ compensation insurer is to avoid a double recovery by the
injured worker. See Employers Cas. Co. v. Dyess, 957 S.W.2d 884, 890 (Tex.
App.—Amarillo 1997, pet. denied). 
           Reliance asserts that the defendant in the 1995 lawsuit is a “third party who is or
becomes liable to pay damages” for the compensable injury. Reliance argues that, in the trial
in 1997, Guillot “argued and introduced evidence that the Defendant’s actions in 1994
caused her 1996 injury.” The record does not support Reliance’s assertion that the 1994
accident caused the compensable injury. Guillot’s testimony and evidence in the 1997 trial
acknowledged the compensable injury and the fact that the same area of her neck and arm
were involved. Reliance has not directed us to any summary judgment evidence that showed
that the 1994 injury caused the compensable injury. 
           In the 1995 lawsuit, Guillot did not seek damages from a third party who was liable
for the compensable injury. Although the summary judgment evidence showed that her
responses to discovery and her trial testimony and that of her treating physician made
references to the compensable injury, that evidence also showed that she did not submit
issues to the jury relating to the compensable injury. The jury was instructed not to include,
in its damages finding, any amount for any condition not resulting from the 1994 accident. 
We must presume that the jury properly followed the trial court’s instructions. See Turner,
Collie & Braden, Inc. v. Brookhollow, Inc., 642 S.W.2d 160, 167 (Tex. 1982). Because the
damages awarded by the jury were compensation only for the 1994 injury, there was no
double recovery for the compensable injury. 
           We hold that the defendant in the 1995 lawsuit was not a third party who was liable
for the compensable injury. Accordingly, the trial court did not err in rendering judgment
declaring that Reliance had no entitlement to the proceeds of the judgment in cause number
95-43379, Guillot v. Bustos. 
           We overrule Reliance’s sole issue and affirm the judgment. 
 
 
                                                                  Sam Nuchia
                                                                  Justice
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.